IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



FILED BY

JUL 14 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

BOBBY R. BAKER,

    Plaintiff,

VS.

No. 05-1132-T/An

WARDEN PARKER, ET AL.,

    Defendants.

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Bobby R. Baker, Tennessee Department of Correction ("TDOC") prisoner number 113354, who is currently an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 6, 2005 in connection with his previous confinement at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. The Clerk shall record the defendants as NWCX Warden Tony Parker, Lieutenant Jones, Corporal Mann, Corrections Officers Holt, Saxton, and Townsend, Sergeant Moore, and Case Manager Tarver.

I.    <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 7/15/05

§ 1914(a).[1] The *in forma pauperis* statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the RMSI to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

The complaint alleges that, on December 30, 2004, in response to being denied recreation, plaintiff stuffed a pillow into the food tray flap in his cell. In response, he was physically assaulted by defendants Mann, Saxton, Townsend, and Holt. After the plaintiff was immobilized, defendant Jones allegedly chained him to his bed. The plaintiff alleges he was left in that position, without medical attention and unable to use the bathroom or get a drink of water, for approximately four hours. During that time, no prison official checked to evaluate his condition. The complaint alleges that Warden Mills, Captain Smith, and Corporal Burking, none of whom are parties to this action, arrived after four hours had elapsed and Mills ordered that the restraints be removed. Plaintiff requested medical attention, but Burking allegedly told him he had to sign up for sick call. On January 2, 2005, plaintiff was allegedly seen by a licensed practical nurse, who referred him to a Dr. Smith, who is not a party to this action. It is not clear whether the plaintiff saw the doctor. The complaint alleges that, on February 1, 2005, a registered nurse ordered that x-rays be taken of his right shoulder. Plaintiff had an appointment for x-rays on February 7, 2005, but defendant Mann refused to let him keep the appointment. He was allegedly taken to the clinic when Mann went off duty, but the physician who takes the x-rays had left for the day. After the x-rays had been taken, Dr. Smith allegedly recommended that an MRI be taken of the plaintiff's shoulder. The MRI was performed on March 18, 2005, and the plaintiff had not received the results at the time this action was commenced. The plaintiff seeks monetary

4

compensation and a federal investigation of the defendants.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry

5

v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

Plaintiff filed a grievance (Grievance No. 20788) against defendants Mann, Holt, Saxton, and Townsend on January 4, 2005 in connection with the alleged assault. The grievance also mentions defendants Jones, Moore, and Tarver, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her). See also Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504. The matter was deemed nongrievable on January 4, 2005 because it raised a disciplinary issue. The warden agreed with the committee's response on January 5, 2005, and plaintiff's appeal was denied on January 27, 2005. It is, therefore, arguable that plaintiff has exhausted the administrative remedies that are available with respect to his claims against defendants Jones, Mann, Holt, Saxton, Townsend, Moore, and Tarver concerning

the alleged assault and the claim that he was left chained to his bed for four hours. Cf. Thomas, 337 F.3d at 723 (inmate complied with § 1997e(a) even though prison officials did not consider grievance on the merits because it was untimely).

Plaintiff filed another grievance (Grievance No. 20815) on January 5, 2005 against defendant Mann. That grievance contended that Mann violated policy by not calling the cell extraction team, and it also alleged that plaintiff was denied medical care at the time of the assault. On January 10, 2005, the grievance committee found the matter to be nongrievable because the same or a similar matter had already by raised in a grievance. The warden concurred on January 12, 2005, and plaintiff's appeal to TDOC was denied on February 1, 2005. Accordingly, plaintiff has arguably exhausted his claim against defendant Mann arising out of the denial of medical attention on the date of the alleged assault.

The plaintiff has not exhausted his claims concerning the denial of medical care at any time after December 30, 2004 and, in particular, he did not exhaust his claim against defendant Mann concerning the refusal to let him be x-rayed. Plaintiff also has not exhausted his claim against defendant Parker.[2]

---

[2] The additional documents submitted by the plaintiff have no bearing on whether he satisfied the requirements of § 1997e(a). The Sixth Circuit has held that internal affairs investigations are no substitute for the filing of a formal inmate grievance. Curry, 249 F.3d at 504 ("an investigation by a prison Use of Force Committee will not substitute for exhaustion through the prison's administrative grievance procedure"); Freeman v. Francis, 196 F.3d at 644-45 (investigation by prison Use of Force committee and state highway patrol insufficient). Similarly, an inmate's letters and petitions are no substitute for an inmate grievance. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[3] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each of his claims with respect to every defendant named in each claim. Foushee v. Wiggins, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005). Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III.   Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint

---

substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

[3] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

IT IS SO ORDERED this 14th day of July, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:05-CV-01132 was distributed by fax, mail, or direct printing on July 15, 2005 to the parties listed.

---

Bobby R. Baker
River Bend Maximum Security
113354
7475 Cockrill Bend Blvd.
Nashville, TN 37209--104

Honorable James Todd
US DISTRICT COURT